UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CYRUS MILLER, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:13CV283 HEA |
| NESTLE PURINA PETCARE COMPANY, | ) ) ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motions to Dismiss Plaintiff's Complaint, [Doc. No.7]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background[1]

Plaintiff filed this putative class action Complaint under the Missouri Merchandising Practices Act against Defendant alleging that Defendant's Beneful line of wet and dry dog food products caused and continue to cause illness and/or death in a significant number of dogs who consume the products.

The Complaint alleges that Defendant falsely represented its Beneful line of products as "healthy," "wholesome," "nutritious" dog food. Plaintiff specifically

---

[1] This recitation of facts is taken from the Complaint herein and is for the purposes of the motion to dismiss. It in no way relieves the parties of any necessary proof in later proceedings.

alleges that he fed his dog Beneful Healthy Weight dog food and within two weeks after eating only this dog food, Plaintiff's dog began to develop a number of symptoms that progressed in severity as she continued her diet of Beneful Healthy Weight dog food. The dog became lethargic, incontinent and developed blood in her urine. Her veterinarian diagnosed her with severe bladder stones. The veterinarian suggested Plaintiff switch to a medicated dog food for urinary health. Plaintiff switched the dog's food to a non-Purina brand medicated dry food and the bladder stones and incontinence subsided within four to six weeks.

Plaintiff further alleges that, on information and belief, the products have caused similar illnesses and/or death in a significant number of dogs.

Plaintiff claims that Defendant engaged in unlawful practices within the meaning of Mo.Rev.Stat. § 407.020 by selling products that cause illness and/or death in a significant number of dogs; that the representations that the products are healthy, wholesome, dog food, 100% Complete Nutrition and/or 100% complete and balanced nutrition are false and/or misleading to a reasonable consumer because Defendant failed to disclose that the products caused and/or had a significant risk of causing, illness and/or death in a significant number of dogs.

Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and for failure to plead fraud with

particularity.

## Discussion

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585,

594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949,(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

The Missouri Merchandising Practices Act ("MMPA") "serves as a supplement to the definition of common law fraud [and] eliminates the need to prove an intent to defraud or reliance." *Sales Resource, Inc. v. Alliance Foods*, Inc., 2010 WL 5184943, at *26 (E .D. Mo. Dec. 15, 2010) (internal quotation marks and citation omitted). It provides in relevant part as follows:

> Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020 may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages.

Mo.Rev.St. § 407.020(1) in turn provides in relevant part as follows: "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... in or from the state of Missouri, is declared to be an unlawful practice." See Mo.Rev.St. § 407.025(1). "The Missouri Supreme Court has found the words 'unlawful practice' are 'unrestricted, all-encompassing and exceedingly broad.'" *Sales Resource, Inc.*, 2010 WL 5184943, at *27, quoting *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d

237, 240 (Mo. banc 2001). Thus, "[i]n order to state a claim for violation of the MMPA, plaintiff was required to allege that [ ]he (1) [purchased] merchandise from defendant; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by section 407.020." *Chochorowski v. Home Depot U.S.A., Inc*., 295 S.W.3d 194, 198 (Mo .App.2009) (citation omitted).

Defendant argues that Plaintiff's Complaint fails to satisfy *Twombly* and *Iqbal*, fails to allege fraud with particularity under Rule 9 and fails to set forth a valid claim under the Missouri Merchandising Practices Act because Plaintiff cannot prove the alleged misstatements were made in Missouri or reached Missouri consumers.

The Court agrees with Defendant that the allegations in the Complaint are insufficient to state a claim. Although Plaintiff argues that he has set out sufficient facts to state a claim, upon examination, it is clear that the Complaint fails. Under *Twombly* and *Iqbal*, a complaint must set out sufficient facts establishing a plausible claim on its face. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the Complaint must be

dismissed.

Plaintiff's claim, that feeding his dog caused the dog's lethargy, incontinence, bloody urine, and bladder stones and feeding the dog *medicated* dog food is conceivable, but not plausible as stated. Numerous other factors could have caused the dog's problems: susceptibility of her breed to bladder stones, infection, parasites, to name a few. Nothing in the Complaint alleges that the veterinarian diagnosed the bladder stones *because* of the certain type of dog food the dog ate, nor does the fact that the veterinarian suggested a medicated food for urinary health set out a fact which demonstrates Plaintiff is entitled to relief. So many other factors could have played a role in the dog's problems that merely stating she ate the food, got sick, got better after eating medicated food for urinary health that Plaintiff's Complaint fails to set forth a plausible claim showing he is entitled to relief from Defendant.

Additionally, Defendant is correct that Plaintiff pleads misrepresentation and therefore must plead with specificity. The "fundamental purpose" of the MPA is to protect consumers and, "to promote that purpose, the act prohibits false, fraudulent or deceptive merchandising practices. [Mo.Rev.Stat.] Section 407.020." *Huch v. Charter Commc'ns, Inc.*, 290 S.W.3d 721, 724 (Mo.2009) (en banc). More specifically, that section declares that

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... in or from the state of Missouri, is declared to be an unlawful practice.... Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

Plaintiff's claim that Defendant misrepresented the quality of its Beneful dog food products places this action squarely within the parameters of Rule 9's requirement of specificity in pleading. Clearly, Plaintiff has not done so. Although Plaintiff argues that he had complied with the specificity requirements of Rule 9, the allegations fall woefully below Rule 9's requirements. Plaintiff fails to detail what misrepresentations were made, where the statements were made, to whom, they were made and why they were misleading, and how the alleged misrepresentations were made to Plaintiff. As such, Plaintiff's claims of misrepresentation are insufficient to state a claim.

## **Conclusion**

Plaintiff's Complaint fails to satisfy the requirements of Rules 12(b)(6) and 9, as discussed herein. The Court will allow Plaintiff to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint, [Doc. No.7], is granted.

**IT IS FURTHER ORDERED** that Plaintiff will be given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint in accordance with the discussion herein. Failure to file an Amended Complaint will result in dismissal of this action with prejudice.

Dated this 28th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE